**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

ALEXANDER McFADDEN,

                          Plaintiff,

      - v -                                        Civ. No. 1:12-CV-1255
                                                               (NAM/RFT)

ROBERT M. JAEON, *Rensselaer County Court Judge*;
ELIZABETH J. KENNEDY, *ADA, Rensselaer County District*
*Attorney's Office*; JEROME K. FROST, *Rensselaer County Public*
*Defender's Office*,

                        Defendants.
_____

**APPEARANCES:**                                **OF COUNSEL:**

ALEXANDER McFADDEN
Plaintiff, *Pro Se*
Southport Correctional Facility
P.O. Box 2000
Pine City, New York 14871

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

      The Clerk has sent to the Court a civil rights Complaint brought by *pro se* Plaintiff Alexander McFadden, pursuant to 42 U.S.C. § 1983. Dkt. No. 1, Compl. McFadden, who is presently incarcerated at Southport Correctional Facility, has not paid the filing fee and instead seeks permission to proceed with this matter *in forma pauperis* (IFP). Dkt. No. 2, IFP App.

**I. DISCUSSION**

**A. Application to Proceed *In Forma Pauperis***

      Plaintiff has submitted an IFP Application. The Prison Litigation Reform Act (PLRA), codified in part at 28 U.S.C. § 1915(b), provides that an inmate who seeks IFP status is required to

pay over a period of time the full amount of the filing fee provided for in 28 U.S.C. § 1914(a), which is currently $350.00 for most civil actions. After reviewing Plaintiff's Application, we find that he may properly proceed *in forma pauperis*.

### B. Allegations Contained in the Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

Moreover, under 28 U.S.C. § 1915A, a court must, as soon as practicable, *sua sponte* review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employees of a governmental agency" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(a) & (b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (*per curiam*).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) & 42 U.S.C. § 1983)); *see also Myers v. Wollowitz*, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is

the vehicle by which individuals may seek redress for alleged violations of their constitutional rights").

It is difficult to decipher much of Plaintiff's Complaint. It seems that Plaintiff complains about an arrest that took place on March 22, 2011, which allegedly resulted in an "unlawful imprisonment for a crime he did not commit." Compl. at p. 5. Because his arrest was illegal, he feels that his incriminating statements, possibly made after receiving *Miranda* warnings, should have been suppressed. *Id*. Yet, in other paragraphs, Plaintiff suggests that he did not receive proper *Miranda* warnings, and that statements made by him should have been suppressed on that basis. *Id*. at p. 6 (noting that trial court refused to suppress statements made by "rape defendant to polic officers five hours after initial questioning had stopped"). Though unclear, it seems that Plaintiff was sentenced on September 18, 2011, in Rensselaer County Court. *Id*. The Department of Corrections and Community Supervision (DOCCS) Inmate Locator website indicates that Mr. McFadden, as of November 8, 2011, has been in DOCCS's custody and is presently incarcerated at the Southport Correctional Facility following a commitment from Rensselaer County. *See* DOCCS Inmate Population Information Search, *available at* http://nysdoccslookup.doccs.ny.gov (information for Inmate Alexander McFadden, DIN 11-A-4995) (last visited August 22, 2012).[1] Thus, it appears that the complaints in the instant cause of action relate to the sentence Plaintiff is currently serving.

The Supreme Court has held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or

---

[1] According to the website, Plaintiff was convicted of Attempted Rape in the First Degree and Assault in the Second Degree, for which he was sentenced to a determinate sentence of eight years.

>sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Plaintiff's claims regarding false arrest, faulty *Miranda* warnings, and/or trial court errors regarding suppression of statements, are barred because he has failed to show that a conviction or sentence has been overturned. *See Duamutef v. Morris*, 956 F. Supp. 1112, 1115-18 (S.D.N.Y. 1997) (dismissing § 1983 claims of malicious prosecution, false arrest, perjury, retaliation, and civil rights conspiracy under *Heck* where the plaintiff's underlying conviction had not been overturned). Unless, and until, the conviction is challenged and adjudicated in Plaintiff's favor, Plaintiff's claims of false arrest and the like are barred under *Heck* and we recommend dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) as the claim lacks an arguable basis in law.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's *In Forma Pauperis* Application (Dkt. No. 2) is **granted**; and it is further

**RECOMMENDED**, that pursuant to the Court's review under 28 U.S.C. § 1915 and § 1915A, Plaintiff's attack on the validity of his March 2011 arrest and September 2011 sentence be **dismissed** as barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); and it is further

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on Plaintiff by certified mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL**

**PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, & 6(a).

Date:  August 23, 2012
       Albany, New York

_____
Randolph F. Treece
U.S. Magistrate Judge